BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

| | |
|---|---|
| In re: CP4 Fuel Pump Marketing, Sales Practices, and Products Liability Litigation | MDL No. 2919 |

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF
SUPPLEMENTAL INFORMATION REGARDING MOVANT PLAINTIFFS' FIRST
AMENDED COMPLAINT IN *DROESSER, ET AL. V. FORD MOTOR COMPANY***

On December 2, 2019, Movant Plaintiffs in *Droesser, et al. v. Ford Motor Company*, No. 5:19-cv-12365 (E. D. Mich.), one of the original actions that formed the basis for Plaintiffs' Motion for Consolidation, filed a First Amended Complaint ("FAC"), attached hereto as **Exhibit A**.

The *Droesser* FAC confirms that transfer to the Eastern District of Michigan under 28 U.S.C. § 1404 is the proper method of consolidating and adjudicating the cases against Ford. No MDL is necessary because both the original and amended complaints in *Droesser* already assert "claims under the laws of each state and the District of Columbia" on behalf of a purported nationwide class of "[a]ll persons who purchased or leased a model year 2011-2019 Ford vehicle fitted at any time with a Bosch CP4 fuel pump." *Droesser* FAC at ¶ 125. Notably, the *Droesser* FAC, however, alleges new facts not raised in any of the other pending cases involving Ford,[1] so

---

[1] *Farlow, et al. v. Ford Motor Company*, No. 3:18-cv-6967 (N. D. Cal.); *Nunez, et al. v. Ford Motor Company*, No. 1:18-cv-25211 (S. D. Fla.); and *Stevens, et al. v. Ford Motor Company*, No. 2:18-cv-456 (S. D. Tex.).

consolidation under 1404 with *Droesser* would allow a single court to resolve moving Plaintiffs' most up-to-date allegations.[2]

*Droesser* also shows why the cases against different manufacturers should not be consolidated. In the FAC, the *Droesser* Plaintiffs supplement their allegations of defect with even more Ford-specific allegations. *See, e.g.*, *Droesser* FAC at nn. 1, 4, 9, 12, 14, and 34 (new allegations regarding Ford's vehicle development and testing, relationship with Bosch, and service procedures based on confidential Ford documents produced in discovery in *Stevens, et al. v. Ford Motor Company*, No. 2:18-cv-456 (S.D. Tex.)); *Id.* at ¶¶ 36, 65, and 73 (same); *Id.* at ¶ 70 (new allegation regarding Ford's testing for biodiesel compatibility).[3] These allegations demonstrate that manufacturer-specific discovery will predominate in this litigation based on each company's history with diesel vehicles, design decisions, and field performance.

Finally, if the Panel decides an MDL is necessary for these cases that are superfluous in light of *Droesser*, the Eastern District of Michigan is the appropriate venue because it already has the most up-to-date complaint. In addition, the parties have conducted *no* discovery in any pending case against Ford focused on these new allegations. So all of the pending cases will be on a level playing field for discovery.

                                                                  Respectfully submitted,

                                                                  McGuireWoods LLP

---

[2] Practically, consolidation under 1404 would most likely result in consolidation of the individual complaints, with competing class definitions, into one Complaint for all purposes, including trial.
[3] Movant Plaintiffs in *Chapman, et al. v. General Motors*, No. 2:19-cv-12333 (E. D. Mich.), another of the original actions forming the basis for Plaintiffs' Motion for Consolidation, also filed a FAC in that case making a number of manufacturer-specific allegations against GM. *See, e.g.*, *Chapman* FAC at ¶¶ 88-90 (GM-specific allegations regarding repair rates).

*/s/ Bethany Gayle Lukitsch*
Bethany Gayle Lukitsch
MCGUIREWOODS LLP
355 South Grand Avenue, Suite 4200
Los Angeles, CA 90071
(213) 457-9875 / (213) 457-9895 (Fax)

Brian D. Schmalzbach
Perry W. Miles, IV
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219

Courtney C. Shytle
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146

Charles B. Hampton
MCGUIREWOODS LLP
600 Travis St., Suite 7500
Houston, Texas 77002

ATTORNEYS FOR
FORD MOTOR COMPANY

**CERTIFICATE OF SERVICE**

I, Bethany G. Lukitsch, certify that on December 4, 2019, the foregoing DEFENDANT FORD MOTOR COMPANY'S NOTICE OF SUPPLEMENTAL INFORMATION REGARDING MOVANT PLAINTIFFS' FIRST AMENDED COMPLAINT IN *DROESSER, ET AL. V. FORD MOTOR COMPANY* was filed electronically in the Court's Electronic Filing System ("ECF"); thereby upon completion the ECF system automatically generated a Notice of Electronic Filing ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

/s/ Bethany G. Lukitsch
Bethany G. Lukitsch